■ The People of the State of New York, Respondent, v Juan Olivo, Appellant. [707 NYS2d 406] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered March 27, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of 4 years to life, unanimously reversed, on the law, defendant's motion to suppress evidence granted and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

A police sergeant and his patrol partner were sitting in a

marked patrol car at the intersection of 165th Street and Morris Avenue in the Bronx, an area allegedly noted for numerous livery cab robberies, when they observed a livery cab being driven in an erratic fashion, which included passing the patrol car on the left by crossing a double yellow line into the lane of oncoming traffic. As the car stopped in front of the patrol car for a traffic light, the sergeant observed the defendant passenger, seated in the rear of the cab, crouched down with his shoulders moving. Suspicious, the officers pulled the cab over at a red light four blocks up Morris Avenue. They approached the passenger side of the cab and ordered defendant to exit. He was frisked at the rear of the cab by the partner and no weapon was found. Neither officer, to this point, had seen any weapons or contraband or evidence of same nor had they addressed the cab driver. After observing the frisk, the sergeant, acting on his fear that the "cab might be in distress," leaned his head and torso into the rear passenger compartment and looked around. Seeing nothing, he then looked under the front seat, where defendant had appeared to be reaching, and found two clear plastic bags containing a white powder. The officers arrested defendant and only then spoke to the driver, who told them there was no problem. The officers did not issue any traffic summons.

This matter falls squarely within the ambit of *People v Torres* (74 NY2d 224). While the stop of the cab may have been justified, given the traffic infraction and the alleged erratic behavior, after defendant was removed from the cab and frisked without recovering anything, the search of the cab was unlawful (*see, supra,* at 226). This was not a case "where, following a lawful stop, facts revealed * * * during the course of the encounter lead to the conclusion that a weapon located within the vehicle presents an actual and specific danger to the officer's safety sufficient to justify a further intrusion, notwithstanding the suspect's inability to gain immediate access to that weapon" (*supra,* at 231, n 4). Given the unlawfulness of the search, the plain view doctrine does not apply (*see, Arizona v Hicks*, 480 US 321, 326). Concur—Rosenberger, J. P., Williams, Tom, Rubin and Buckley, JJ.